IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HABIB SURANI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:09-CV-1394-N |
| v. | § | |
| | § | |
| FIRST NATIONAL BANK OF BURLESON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for consideration is the Motion to Dismiss (doc. 6) of Defendant First National Bank of Burleson ("Defendant"). Plaintiff Habib Surani ("Plaintiff") filed a six-page letter response, and Defendant filed a Reply. Defendant seeks dismissal of this action for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6).

Plaintiff alleges that he received a loan from the First National Bank of Burleson in 2001. He also claims that he owed $35,000 in taxes to the Texas Comptroller of Public Accounts in 2006 because of lost invoices. Plaintiff alleges that Defendant paid the taxes to the Comptroller in a lump sum rather than allowing Plaintiff to arrange with the Comptroller to make "easy monthly payments." Plaintiff claims that, as a result, he did not have enough money to buy inventory and stay in business. Plaintiff further alleges that Defendant gave One World Bank false information about the value of his property, resulting in One World Bank's failure to approve a loan to Plaintiff. Plaintiff also complains about Defendant's letters of foreclosure and its demand for full payment on

1

his loan. Plaintiff blames Defendant for his wife's divorcing him and moving to Chicago with his daughters and also for his losing the house in which the family lived. He blames Defendant for his having to work 17 hours a day, 7 days a week. Plaintiff claims other negative things happened to him, many of which did not involve Defendant. In Plaintiff's Reply, he includes additional claims, involving a bankruptcy proceeding in Chicago, the "Trinity River Vision" project, federal loans to banking institutions, and other matters not relevant to his Complaint.

### **Rule 12(b)(1) Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). A court may dismiss an action pursuant to Rule 12(b)(1) based upon:"(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The trial court must first determine whether the defendant has made a "facial" or a "factual" attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a facial attack by filing a Rule 12(b)(1) motion, in which case, "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id*. On the other hand, a defendant makes a factual attack by submitting "affidavits, testimony, or other evidentiary materials," in which case a plaintiff must "submit facts

through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Id*. Here, Defendant has made a facial attack. The Court will examine whether Plaintiff has alleged any facts that would give rise to federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

## Analysis

A *pro se* litigant's pleadings are viewed liberally, but a party proceeding *pro se* is not permitted to disregard the rules. *See Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) (*pro se* litigant in habeas action) (holding that self-representation does not exempt party from compliance with relevant rules of procedural and substantive law and that, except for liberal construction of properly filed pleadings, *pro se* litigants acquire no greater rights than litigants represented by lawyers, and subject themselves to the established rules of practice and procedure).

## No Federal Question Jurisdiction

Plaintiff alleges that Defendant's foreclosure proceedings against his property were unfair. However, unfairness does not raise federal question jurisdiction. Moreover, this Court does not sit as an appellate court over state foreclosure proceedings. Federal courts, as courts of original jurisdiction, cannot review, reverse, or modify final determinations of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Review of such a determination is only available in the United States Supreme Court on direct appeal or by writ of certiorari. *Feldman*, 460 U.S. at 476; *see* 28 U.S.C. § 1257. This principle is known as the *Rooker-Feldman* doctrine.

To find that subject matter jurisdiction exists, the Court must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n*, 143 F.3d at 1010. Here, Plaintiff has not

alleged that Defendant violated any statute or constitutional right or stated any facts that, taken most favorably to him, could constitute such a violation. In sum, this Court lacks federal question jurisdiction over Plaintiff's claims.

## No Diversity Jurisdiction

Plaintiff is a resident of Texas, and Defendant has its principal place of business in Texas. Complete diversity does not exist between Plaintiff and Defendant. 28 U.S.C. § 1332. The Court has determined that this Court lacks subject matter jurisdiction in this case. Accordingly, the Court need not address Defendant's alternative argument that dismissal is warranted for Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## Recommendation

In the complete absence of federal question or diversity jurisdiction, the Court recommends that the District Court grant Plaintiff's Motion to Dismiss (doc. 6) and dismiss Plaintiff's claims without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED, this 1st day of October, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).